UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JON D. FROST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-0822-G |
| RELION, INC., | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, ReliOn, Inc. ("ReliOn" or "the defendant"), to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure Rule 12(b)(3) or, alternatively, to transfer venue to the Eastern District of Washington, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

This case arises from the termination of the plaintiff Jon Frost ("Frost" or "the plaintiff")'s employment by the defendant, allegedly in violation of the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Specifically, Frost alleges that ReliOn terminated his employment to prevent him from exercising rights under the provisions of an employee benefit plan. *See* Plaintiff's Original Petition[1] ("Plaintiff's Petition") at 2, *attached to* Notice of Removal *as* Exhibit 3. Frost began working for ReliOn on May 20, 2004 as Vice President of Sales. *Id*. Frost became a participant in a welfare benefit plan, the "2003 Equity Incentive Plan of ReliOn" ("the plan"), and a severance plan ("the severance plan") created by ReliOn. *Id*. at 3. Frost alleges that on April 22, 2005, ReliOn wrongfully terminated his employment to prevent him from exercising rights under the plan and under the severance plan. *Id*. Frost contends that these actions were intentional and that they violated ERISA. *Id.*

On May 8, 2006, ReliOn removed the case to this court on the basis of diversity of citizenship and federal question jurisdiction. On June 21, 2006, ReliOn filed this motion to dismiss or, in the alternative, to transfer venue.

## II. ANALYSIS

### A. Dismissal Under Rule 12(b)(3)

RELION moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Once a defendant raises the issue of improper venue, Frost has the burden to prove

---

[1] Because this case was removed from state court, Frost filed a petition rather than a complaint. *Compare* TEX. R. CIV. P. 78 ("The pleading of plaintiff shall consist of an original petition") *with* F.R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court").

that his chosen venue is proper.  *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002); *Optimum Return LLC v. CyberKatz Consulting, Inc.*, No. 3:03-CV-1064-D, 2004 WL 827835 at *4 (N.D. Tex. March 26, 2004) (citing *Laserdynamics, Inc. v. Acer America Corporation*, 209 F.R.D. 388, 390 (S.D. Tex. 2002)).  In the absence of an evidentiary hearing, Frost may carry his burden by presenting facts that, taken as true, establish venue.  *Optimum Return*, 2004 WL 827835 at *4 (citing *Laserdynamics*, 209 F.R.D. at 390).

This being an ERISA case, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Frost argues, in his response to ReliOn's motion, that the breach took place in Dallas County, Texas, which would make the Northern District of Texas a proper venue under § 1132(e)(2).  Plaintiff Jon Frost's Reply to Defendant ReliOn's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and Brief in Support Thereof[2] ("Plaintiff's Response") at 7.  A breach of an ERISA plan takes place where the beneficiary was to receive benefits or where the decision regarding payment was made.  *Brown Schools, Inc. v. Florida Power Corporation*,

---

[2]   ReliOn is correct in pointing out that Frost's response is erroneously identified as a "reply."  Defendant ReliOn's Reply to Plaintiff's Response to Defendant ReliOn's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and Brief in Support Thereof at 1 n.1.
       Local Rule 7.1 (d)-(f) identifies the briefing sequence of an opposed motion as:  (1) brief; (2) response; and (3) reply.  LOCAL CIVIL RULE 7.1(d)-(f), N.D. Tex.  Accordingly, the court will refer to the document as "Plaintiff's Response."

806 F. Supp. 146, 151 (W.D. Tex. 1992) (venue in Texas would have been proper had Frost been entitled to receive benefits under the plan in his own right rather than as an assignee of another person's benefits); *Wallace v. American Petrofina, Inc.*, 659 F. Supp. 829, 832 (E.D. Tex. 1987) (venue was proper in the Eastern District of Texas because it was the place where Frost's pension benefits were received and was, thus, the place where the breach took place).  Frost received all of his benefit payments and was to receive his ERISA payments in Dallas County.

ReliOn does not deny that Frost received his benefits payments in Dallas County; rather, it argues that the decision to deny Frost's benefits was made in Spokane, Washington, making the Eastern District of Washington a proper venue -- though not the only proper venue.  *See* Defendant ReliOn's Reply to Plaintiff's Response to Defendant ReliOn's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and Brief in Support Thereof ("Defendant's Reply") at 3 (the location where the decision to deny benefits was made is "a basis to determine the place of a breach of an ERISA plan").  ReliOn implicitly admits that the Northern District of Texas is a proper venue.  *Id.* Accordingly, venue in the Northern District of Texas is proper.

Additionally, the court notes that venue may also be proper under the third prong of ERISA's venue provision.  District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District*

*Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979). See *Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993); *Wallace*, 659 F. Supp. at 831-32. The Ninth Circuit, in *Varsic,* concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248.

In the instant case, ReliOn has not contested personal jurisdiction. Moreover, under ERISA's nationwide service of process provision, this court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).[3] Under this reasoning, the court finds that personal jurisdiction is proper and concludes that the Northern District of Texas is a proper venue for this ERISA action. Accordingly, ReliOn's motion to dismiss for improper venue is denied.

---

[3] Although the *Bellaire* panel disagreed with the *Busch* decision -- which held that a district court may exercise personal jurisdiction over a defendant who lacks minimum contacts with the state in which the district court is located as long as the defendant has minimum contacts with the United States -- it was obliged to apply the "legally indistinguishable decision." *Bellaire General Hospital*, 97 F.3d at 826 n.3.

B.  Transfer of Venue

1.  *Legal Standard*

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."[4]  28 U.S.C. § 1404(a).  As a threshold matter, the language of Section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought.  *Illinois Union Insurance Company v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002); *Eastman Medical Products, Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595-96 (N.D. Tex. 2002).  Such a district "is one in which upon commencement of the suit Frost ha[d] a right to sue independently of the wishes of the defendant."  *Independent Fish Company v. Phinney*, 252 F. Supp. 952, 953 (W.D. Tex. 1966) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960)).  "[V]enue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over . . . the defendant[ ]."  *Illinois Union Insurance Company*, 191 F. Supp. 2d at 797 (quoting *Shutte v. Armco Steel Corporation*, 431 F.2d 22, 24 (3d Cir.), *cert. denied*, 401 U.S. 910 (1971).

---

[4]  "The moving part[y] bear[s] the burden of proving by a preponderance of the evidence that transfer is appropriate."  *Bank One, N.A. v. Euro-Alamo Investments, Inc.*, 211 F. Supp. 2d 808, 812 (N.D. Tex. 2002),

After determining that the transferee district is one in which the case might have been brought, the court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Company*, 868 F.2d 1428, 1436 (5th Cir.) (internal quotations and citations omitted), *cert. denied*, 493 U.S. 935 (1989); see also *Illinois Union Insurance Company*, 191 F. Supp. 2d at 797 (stating that the second part of the 1404(a) transfer analysis, after determining that the transferee court is one in which the case might have been brought, is to examine the convenience of the parties and witnesses, and whether the transfer is in the interest of justice). These factors include: (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) where the events in issue took place, and (8) the interests of justice in general. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538-G, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003) (Fish, C.J.); see also *Gundle Lining Construction Corporation v. Fireman's Fund Insurance Company*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

- 7 -

2. *Jurisdiction in the Eastern District of Washington*

For the court in the Eastern District of Washington to have jurisdiction over this case, Frost as Frost must have been able to file this action in that court. *See* 28 U.S.C. § 1404(a). ERISA's jurisdictional provision allows a plaintiff to file suit "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the defendant resides in the Eastern District of Washington, the court in that district would have jurisdiction over this case.

3. *Applying the Eight Factors*

To determine whether a transfer is appropriate, the court will consider the eight factors listed *supra*. See *Minka Lighting, Inc.*, 2003 WL 21251684, at *2. The first factor is the convenience of the parties. ReliOn generally avers that the Eastern District of Washington will be a more convenient forum for the parties because "[i]t would be far more efficient to litigate this case in the Eastern District of Washington where the individuals who are likely to be witnesses are located." Defendant's Motion at 6. Undoubtedly, ReliOn does employ many, if not most, of its employees in Washington; however, Frost and other witnesses reside in the Northern District of Texas. Plaintiff's Response at 4-5. Even though ReliOn will surely incur additional costs if it must defend an action in this forum, Frost will incur similar expenses if he must travel to Washington to pursue this case. Shifting expenses from one party to

another does not weigh in favor of transferring a case without some evidence that shifting those expenses would serve the interests of justice.  See *Salem Radio Representatives, Inc. v. Can Tel Market Support Group*, 114 F. Supp. 2d 553, 558 (N.D. Tex. 2000).

ReliOn also argues that its material witnesses reside in Washington and would benefit from a transfer of venue.  It cites numerous cases for the principle that the residence of key witnesses is more important than the raw number of witnesses living in a particular jurisdiction.  Defendant's Reply at 7-8.  However, where key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial.  *Sanders*, 813 F. Supp. at 535.  Accordingly, while the Eastern District of Washington may provide a more convenient forum for the defendant's witnesses, ReliOn can easily compel its employees to testify in Texas, and transferring this case would simply shift expenses from one party to the other.  Moreover, because potential witnesses are located in both venues and because each party would incur substantial expense in presenting his/its witnesses in the other forum, this factor does not favor a transfer.

The next factor to consider is the ease of accessing evidence in each venue. ReliOn alleges that "all of the documents needed to prove the parties claims and defenses are located in Spokane, making them more easily accessible in the Eastern District of Washington than in this district."  Defendant's Reply at 10.  However,

technological advances have significantly diminished the importance of this factor in the court's analysis.  *Mohamed v. Mazda Motor Corporation*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000).  Thus, this factor does not affect the court's analysis and does not support a transfer.

Neither party has presented arguments related to the comparative calendar congestion in the Northern District of Texas or the Eastern District of Washington.  This factor, therefore, has neutral weight in the analysis.

The next factor to consider is where the relevant events took place.  ReliOn argues that the relevant events in this matter took place in the Eastern District of Washington, because that is where the employment decisions at issue took place.  Defendant's Reply at 10.  However, when the employment agreement between ReliOn and Frost was executed, the parties agreed that Frost's duties were to be undertaken in Dallas, Texas.  Moreover, Frost received payment for his services in Dallas, Texas.  Thus, while the employment decisions may have been made in Washington, many other relevant events took place in Texas.  This factor does not favor transfer.

The final task in the court's transfer analysis is to evaluate the general interest of justice.  Although a court considering transfer of venue under Section 1404(a) does not necessarily exercise a strong presumption in favor of the plaintiff's choice of forum, that choice is certainly a factor to be considered.  *D.T. Systems, Inc. v. SOS Co.,*

*Inc.*, No. 3:01-CV-1560-G, 2002 WL 413898 at *4 (N.D. Tex. March 14, 2002). ReliOn argues that the "[p]laintiff's choice of forum lacks a material connection to his claims" and that the "interests of justice in general favor transferring venue to the Eastern District of Washington." Defendant's Reply at 10. Contrary to these vague generalizations, however, the court finds that Frost's choice of forum is sufficiently connected to his claims to maintain venue in the Northern District of Texas.

Having fully considered the equities in this case, the court concludes that none of the evidence or arguments presented by ReliOn outweigh Frost's choice of forum. Therefore, the motion to transfer venue to the Eastern District of Washington is denied.

### III.  CONCLUSION

For the reasons stated above, ReliOn's motion to dismiss is **DENIED**, and its alternative motion to transfer venue is also **DENIED**.

**SO ORDERED**.

March 2, 2007.

                                         _____
                                         A. JOE FISH
                                         CHIEF JUDGE